ORDER
IT IS ORDERED that the Joint Motion of the Mississippi Commission on Judicial Performance, by its Executive Director, and Justice Court Judge Dexter C. Cadle, personally and by his attorney of record, to Dismiss Petition for Interim Suspension and to Accept Commission Findings of Fact and Recommendations for Dismissal of Formal Complaint is hereby sustained, and this case is dismissed.
*80 IT IS FURTHER ORDERED that the Commission Findings of Fact and Recommendation be incorporated in this order by reference as though copied herein in words and figures, and this order, including the Commission Findings of Fact and Recommendation, should be forwarded by the Clerk to West Publishing Company for publication in a forthcoming edition of Southern Reporter, Mississippi Cases.
APPENDIX I
COMMISSION FINDING OF FACTS AND RECOMMENDATION
BEFORE THE MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
INQUIRY CONCERNING A JUDGE NO. 85-007
COMMISSION FINDING OF FACTS AND RECOMMENDATION
Initiation of Proceedings
On January 15, 1985, the Commission filed a formal complaint of judicial misconduct against the Respondent, Dexter Cadle, Justice Court Judge for the Northern District of Prentiss County, in accordance with the Rules of the Commission. The formal complaint alleged a failure to comply with Mississippi Code Annotated Sections 9-11-3 and 9-11-4 (1984.Supp.) requiring a justice court judge to complete an annual, mandatory course of continuing education. The Mississippi Judicial College held the mandatory course of continuing education on July 10-13, 1984, and a make-up of the same course on October 2-3, 1984; the Respondent did not attend either course. His failure to attend the mandatory session was probably justified due to poor health, however no acceptable reason was given for failing to attend the make-up session.
Petition for Interim Suspension
On January 18, 1985, the Commission filed a Petition for Interim Suspension with the Mississippi Supreme Court, petitioning the Court to suspend the Respondent pending a final determination of this formal complaint, as the Respondent had not received a certificate of completion of the course of continuing education cited herein-above, and was continuing to serve as justice court judge without said certificate.
Respondent Received Certificate
On or about February 28, 1985, the Respondent satisfactorily completed a special make-up seminar of the statutorily required course of continuing legal education. As the Respondent has completed said course and has received a certificate of completion thereof, the requested interim suspension is unnecessary.
Findings
The purpose of this formal complaint and Petition for Interim Suspension was to insure the integrity of the statutorily mandated judicial education for justice court judges and to reaffirm the Commission’s position on the importance of the educational program to the justice courts. The Commission finds that education is vitally important to the justice courts of this state and that every effort must be made on the part of the Commission to insure that every justice court judge receives the education and training mandated and required by law. The Commission further finds that every justice court judge should be on notice of the Commission’s position on judicial education and of its actions herein.
Recommendation
The Commission herein recommends that, as the Respondent has successfully completed the required course of continuing education, albeit late and in a special course conducted just for the Respondent, and as the petitioned for interim suspension is no longer necessary, that this formal complaint, Inquiry Concerning a Judge No. 85-007, be dismissed.
This the 8th day of March, 1985.
Respectfully submitted,
Mississippi Commission on Judicial Performance
/s/ Kenneth B. Robertson
Kenneth B. Robertson
Chairman